# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**THOMAS EUGENE THORNE,**

    **Plaintiff,**

**vs.**                                                         **CASE NO. 4:09CV100-RH/AK**

**FREDERICK DUNPHY, et al,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 alleging that the three Florida Parole Commissioners named as defendants in this cause violated his constitutional rights, specifically the Ex Post Facto and Due Process clauses, when they applied parole statutes, rules, and regulations enacted after his original sentence and conviction. (Doc. 1). Defendants have moved to dismiss the complaint for failure to state a claim for relief and on immunity grounds. (Doc. 26). Plaintiff has responded. (Doc. 27).

I. **Allegations of the complaint (doc. 1)**

Plaintiff claims that he was arrested, convicted, and sentenced in 1978-1979 and "many of the newly designed statutes alter Plaintiff's situation to his disadvantage for parole determination and eligibility." (Doc. 1, p. 5). In particular, Plaintiff complains of "(1) matrix time range setting; (2) pre and post aggravating factors; (3) review hearing

time frames on violations; (4) alternative programs rather than violations; (5) the number of commissioners appointed; and (6) authority to make policy and promulgate rules." Without specifying how these amendments affect him, he argues that he is entitled to the benefits of the 1978 laws or any laws that would benefit him retrospectively.

Plaintiff was released on parole in 1991, but violated the conditions of his release by testing positive for drugs and "failure to make a phone call," and his new PPRD is 2034, with a "re-interview" date in 2012.

Plaintiff seeks injunctive relief, that is to be considered for parole under the 1978 laws and guidelines.

## II.  Standard of Review

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Boyer v. Board of County Comm'rs, 922 F. Supp. 476, 482 (D. Kan. 1996), *aff'd,* 108 F.3d 1388, *citing* Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993); Mitchell v. Farcass, 112 F.3d 1483, 1487 (11th Cir. 1997); Mannings v. Board of Public Instr. of Hillsborough County, Fla., 277 F.2d 370, 372 (5th Cir. 1960).  The court should not weigh the evidence, but merely "determine whether the complaint itself is legally sufficient." In re Mosello, 190 B.R. 165, 168, *aff'd,* 193 B.R. 147, *aff'd,* 104 F.3d 352 (Bankr. S.D.N.Y. 1995), *citing* Festa v. Local 3, Int'l Brotherhood of Elec. Workers, 905 F.2d 35, 37 (2d Cir. 1990).

**No. 4:09cv100-RH/AK**

The Supreme Court recently expressed a new standard in <u>Bell Atlantic Corp., et al. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007), holding:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations...[f]actual allegations must be enough to raise a right to relief above the speculative level...

In doing so, the Court emphasized that it was not requiring a fact pleading of specifics, but only enough facts to show that a claim to relief is plausible. <u>Id.</u>, at 1974. The <u>Twombly</u> Court expressly abandoned a literal reading of the "no set of facts" language announced in <u>Conley v. Gibson</u>. Id. at 1969. See <u>Conley v. Gibson</u>, 355 U.S. 41, 45-6, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (dismissal of a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief).

All well-pleaded factual allegations and reasonable inferences from those allegations must be accepted as true in ruling upon a motion to dismiss. <u>Oladeinde v. City of Birmingham</u>, 963 F.2d 1481, 1485 (11th Cir. 1992)(citation omitted), *cert. denied*, 113 S. Ct. 1586 (1993). However, this does not mean "that every statement in a complaint must be accepted as true." <u>In re Mosello</u>, 190 B.R. at 168. The "court need not accept 'sweeping and unwarranted averments of fact.'" *Id.*, *citing* <u>Perniciaro v. Natale</u>, 136 B.R. 344, 348 (Bankr. E.D.N.Y. 1992), *quoting* <u>Haynesworth v. Miller</u>, 820 F.2d 1245, 1254 (D.C. Cir. 1987). Claims which "rely upon conclusory statements of law" need not be accepted. <u>Northern Trust Co. v. Peters</u>, 69 F.3d 123, 129 (7th Cir. 1995). Conclusory statements and their inferences "are not sufficient to defeat a motion to dismiss for failure to state a

**No. 4:09cv100-RH/AK**

claim." Northern Trust Co., 69 F.3d at 129; *see also* Quality Foods de Centro America, 711 F.2d 989, 995 (11th Cir. 1983)(finding "[c]onclusory allegations that defendant violated the antitrust laws and plaintiff was injured thereby will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief.")

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995). It cannot be assumed that a Plaintiff will prove facts which have not been alleged. Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983). Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

**No. 4:09cv100-RH/AK**

**III.    Analysis**

    a)    Ex Post Facto

Plaintiff alleges generally that a number of amendments to the parole statutes have resulted in an unspecified increase in punishment in violation of the Ex Post Facto Clause.  To violate the Ex Post Facto Clause, a new statute must inflict "a greater punishment, than the law annexed to the crime, when committed."  Lynce v. Mathis, 519 U.S. 433, 441, 117 S. Ct. 891, 895, 137 L. Ed. 2d 63 (1997), *quoting*, Calder v. Bull, 3 Dall. 386, 390, 1 L. Ed. 648 (1798).  An ex post facto law applies to "events occurring before its enactment" and disadvantages the offender by "altering the definition of criminal conduct or increasing the punishment for the crime."  Lynce, 519 U.S. at 441, 117 S. Ct. at 896, *quoting* Collins v. Youngblood, 497 U.S. 37, 50, 110 S. Ct. 2715, 2723, 111 L. Ed. 2d 30 (1990).  Thus, the issue is "whether [the new law] produces a sufficient risk of increasing the measure of punishment attached to the covered crimes."  California Dep't of Corrections v. Morales, 514 U.S. 499, 509, 115 S. Ct. 1597, 1603, n.4, 131 L. Ed. 2d 588 (1995).    Where a statute is not unconstitutional on its face,[1] the Court must consider whether the "level of risk" has, in actuality, increased "to a

---

[1] Plaintiff does not make the argument that the post 1978 amendments are unconstitutional on their face.  Indeed, the Eleventh Circuit has addressed the constitutionality of the 1978 and 1997 amendments and held that they do not violate the Ex Post Facto Clause because at all times and under pre-1978 statutory schemes, as well as under the 1978 changes, the Commission retained discretion on the ultimate decision of whether to grant or deny parole.  Damiano v. Florida Parole and Probation Commission, 785 F.2d 929, 933 (11th Cir. 1986); Paschal v. Wainwright, 738 F.2d 1173 (11th Cir. 1984);  Tuff v. State, 732 So.2d 461 (Fla. 3d DCA 1999) (addressing 1997 amendments).

**No. 4:09cv100-RH/AK**

significant degree, the likelihood or probability of prolonging" the claimant's term of incarceration.  Garner v. Jones, 529 U.S. 244, 256, 120 S. Ct. 1362, 1370, 146 L. Ed. 2d 236 (2000), *reversing* 164 F.3d 589 (11th Cir. 1999).  In Garner, the Supreme Court considered a Georgia parole regulation which permitted delay in parole reconsideration from three years (at the time of the crime) to only once every eight years for prisoners serving life sentences and held that it did not violate the Ex Post Facto Clause.  The Court noted that in order to evaluate the level of risk, a plaintiff must present sufficient information so that any decision rendered is not simply speculative.  *Id.*, at 1371-72. Parole cases alleging an ex post facto violation "must be made on a case-by-case basis."  Harris v. Hammonds, 217 F.3d 1346, 1350 (11th Cir. 2000) (vacating dismissal by district court and remanding to allow plaintiff "to make the showing required by the Supreme Court in Jones.").

In his response to the motion,[2] Plaintiff explains that he received a two year set off for parole hearings prior to the new laws and regulations, but does not explain how the new laws affect him, for example he does not complain that he now has five year set offs between hearings.  He cites a number of cases to support his argument, but these cases pre-date the decisions in Morales and Garner.  Parole hearing set-offs were at issue in both these Supreme Court cases, and the Court held that the change from annual to three year set-offs in Morales and from three years to eight years in Garner did not violate Ex Post Facto.

---

[2] Plaintiff's motion was filed as a motion to strike, which the Court ordered would be construed as a response to the motion to dismiss.  (Doc. 29).

**No. 4:09cv100-RH/AK**

In summary, Plaintiff has not provided specific information about the increased punishment he contends has resulted from the application of unspecified parole statutes, rules and regulations to his 1978 conviction and sentence.[3]  His general complaint about parole hearing set off dates has been resolved by the United States Supreme Court, which found that retroactive application of such laws does not violate the Ex Post Facto Clause of the Constitution.  Thus, Plaintiff's claims fail as a matter of law.

      **b.**    **Due Process claims**

The law has also been decided against Plaintiff's claim that he has a protected liberty interest in parole.  There is no constitutional right to parole in Florida, and where there is no legitimate expectation of parole, there is no liberty interest in parole which would be protected by due process.  Jonas v. Wainwright, 779 F.2d 1576, 1577 (11th Cir.), *cert. denied*, 479 U.S. 830 (1986); Hunter v. Florida Parole & Probation Comm'n, 674 So. 2d 847, 848 (11th Cir. 1982).[4]  Even if inmates have been given a specific Presumptive Parole Release Date (PPRD), they have no legitimate expectation or protected interest in being released on this date because there is no right to parole at any time.  Meola v. Department of Corrections, 732 So.2d 1029, 1034 (Fla. 1998).  But see Morrissey v. Brewer, 408 U.S. 471 (1972)(only if parole has actually been granted,

---

[3] Plaintiff is currently serving a life sentence.

[4] "It is the intent of the Legislature that the decision to parole an inmate from the incarceration portion of the inmate's sentence is an act of grace of the state and shall not be considered a right." FLA. STAT. § 947.002(5).

**No. 4:09cv100-RH/AK**

does a legitimate liberty interest arise which may not be taken without a due process hearing).

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' Motion to Dismiss (doc. 26) be **GRANTED**, and Plaintiff's complaint (doc. 1), be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IN CHAMBERS** at Gainesville, Florida, this **9th** day of February, 2010.

    *s/ A. KORNBLUM*
    **ALLAN KORNBLUM**
    **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 4:09cv100-RH/AK**