IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


THOMAS EUGENE THORNE,

    Plaintiff,

v.                                      CASE NO. 4:09cv100-RH/AK

FREDERICK DUNPHY et al.,

    Defendants.

_____/


## ORDER OF DISMISSAL

This case is before the court on the magistrate judge's report and recommendation (document 33) and the objections (document 34). I have reviewed *de novo* the issues raised by the objections. The recommendation is for dismissal of the complaint for failure to state a claim on which relief can be granted. I accept the recommendation but grant the plaintiff leave to file an amended complaint.

A Florida state court sentenced the plaintiff Thomas Eugene Thorne to prison. State law would allow him to be paroled, but the decision whether to grant parole is discretionary. Mr. Thorne thus has no liberty interest in parole within the meaning of the Due Process Clause.

Mr. Thorne alleges, however, that the state made changes in its parole system after the date of his offense. He alleges that the changes, considered cumulatively, have subjected him to a "significant disadvantage" when compared to the prior system. (Pl.'s Compl., document 1, at 8.) He says this creates a "significant hardship of an increased penalty" and thus violates the Ex Post Facto Clause. *Id*.

Changes in a parole system can indeed violate the Ex Post Facto Clause, but not every change does so. The Eleventh Circuit has summarized the applicable standards:

> [T]he *Ex Post Facto* clause of the United States Constitution prohibits the states from making laws "which, by retroactive operation, increase the punishment for a crime after its commission." *Garner v. Jones*, 529 U.S. 244, 249, 120 S.Ct. 1362, 1367, 146 L.Ed.2d 236 (2000). While "[r]etroactive changes in laws governing parole of prisoners, in some instances, may be violative of this precept[,] not every retroactive procedural change creating a risk of affecting an inmate's terms or conditions of confinement is prohibited." *Id.* at 250, 120 S.Ct. at 1367. The determinative question is "whether retroactive application of the change in [the state] law created 'a sufficient risk of increasing the measure of punishment attached to the covered crimes.' " *Id.* (quoting *California Dept. of Corrections v. Morales*, 514 U.S. 499, 509, 115 S.Ct. 1597, 1603, 131 L.Ed.2d 588 (1995) (holding that a California law did not violate the *Ex Post Facto* clause because it created only an insignificant risk that covered inmates would suffer increased punishment)). Finally, the plaintiff bears the burden of showing that the law "create[s] a significant risk of increasing his punishment." *Id.* at 255, 120 S.Ct. at 1370.

*Penoyer v. Briggs*, 206 F. App'x 962, 965 (11th Cir. 2006). *Garner*, in turn, said:

> We do not accept the Court of Appeals' supposition that [the rule at issue there] "seems certain" to result in some prisoners serving

> extended periods of incarceration. 164 F.3d, at 595. The standard announced in *Morales* requires a more rigorous analysis of the level of risk created by the change in law. Cf. 514 U.S., at 506-507, n. 3, 115 S.Ct. 1597 ("After *Collins* [*v. Youngblood*, 497 U.S. 37, 110 S. Ct. 2715, 111 L. Ed. 2d 30 (1990)], the focus of the *ex post facto* inquiry is not on whether a legislative change produces some ambiguous sort of 'disadvantage' . . . but on whether any such change . . . increases the penalty by which a crime is punishable"). When the rule does not by its own terms show a significant risk, the respondent must demonstrate, by evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule. The litigation in *Morales* concerned a statute covering inmates convicted of more than one homicide and proceeded on the assumption that there were no relevant differences between inmates for purposes of discerning whether retroactive application of the amended California law violated the *Ex Post Facto* Clause. In the case before us, respondent must show that as applied to his own sentence the law created a significant risk of increasing his punishment. This remains the issue in the case, though the general operation of the Georgia parole system may produce relevant evidence and inform further analysis on the point.

*Garner*, 529 U.S. at 255.

Mr. Thorne's complaint is long on conclusions and short on specifics. He has not adequately alleged changes that plausibly could have "created a significant risk of increasing his punishment." *Id*. One of the changes Mr. Thorne identifies, for example, is the decrease in the number of parole commissioners. A state's change in the number of commissioners plainly is not a violation of the Ex Post Facto Clause. And this is true whether the change is considered alone or together with other changes.

In short, the complaint fails to state a claim on which relief can be granted.

But Mr. Thorne will be given one more chance. If Mr. Thorne chooses to file an amended complaint, it must identify specific changes in Florida procedures and must set forth allegations plausibly supporting the assertion that they created a significant risk of increasing his punishment. The reference of this case to the magistrate judge will be withdrawn so that any amended complaint comes directly to me.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is ACCEPTED. The complaint is dismissed. I do *not* direct the entry of judgment.

2. The plaintiff is granted leave to file an amended complaint within 30 days.

3. The reference of this case to the magistrate judge is withdrawn. The clerk must refer the case to me upon the filing of an amended complaint or the passing of the deadline without the filing of an amended complaint.

SO ORDERED on March 17, 2010.

s/Robert L. Hinkle
United States District Judge